UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10486

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

                    versus

LESLIE ELIJAH CAMPBELL, JR.,

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(7:93 CR 010 X)
_____
April 22, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, AND JONES, Circuit Judges.

PER CURIAM[*]:

After a jury convicted Leslie Campbell of conspiring to receive stolen United States property and possessing a machine gun, the district court imposed a penalty of 57 months of imprisonment, three years of supervised release, and a $10,000 fine. It left the payment arrangements up to the probation officer. Campbell appealed this delegation of authority, and a panel of this court held that the law does not allow district court judges to delegate payment-schedule decisions to probation officers.

On remand, the district court divided the $10,000 fine into 36

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

monthly payments due during Campbell's three years of supervised release. The district court did not, however, allow Campbell to comment on the payment schedule at a sentencing hearing. Campbell brings this appeal to assert his right to allocution.

We do not reach the merits of Campbell's appeal because we do not have appellate jurisdiction. The district court orally announced the payment schedule on February 19, 1996, and entered the amended sentence the next day. On February 27, Campbell filed a "Motion to Correct Sentence Pursuant to Rule 35(c)." The court never ruled on this motion. After waiting more than two months, Campbell filed a notice of appeal on April 29. We agree with the government that this motion was weeks too late.

Under Fed. R. App. P. 4(b), a criminal defendant must file a notice of appeal within ten days of the entry of judgment. Campbell did not do so. He asks us to consider his appeal none the less because he filed a timely motion asking the district court to correct his sentence. Fed. R. Crim. P. 35(c) permits a district court to set straight "arithmetical, technical, or other clear" errors within seven days of imposing a sentence. After seven days, however, the district court loses the power to make such corrections. United States v. Lopez, 26 F.3d 512, 518-20 (5th Cir. 1994).

We have not decided exactly how a Rule 35(c) motion affects the ten-day window criminal defendants have to file an appeal. The First Circuit has held that "when . . . a party to a criminal case

files a timely motion under Fed. R. Crim. P. 35(c), asking the sentencing court to reconsider an issue in the case in a way that will, if successful, bring about an alteration of the defendants' substantive rights, then the filing of that motion renders the judgment nonfinal for purposes of appeal."  United States v. Morillo, 8 F.3d 864, 868-69 (1st Cir. 1993).  But even if a Rule 35(c) motion expands the time to file an appeal, no circuit has held that it can effect an expansion of more than seven days.  Id. at 869; United States v. Turner, 998 F.2d 534, 536 (7th Cir.) ("The district court's inaction had the same effect as denying the [Rule 35(c)] motion, making the judgment final on the date the district judge's power to alter the sentence expired."), cert. denied, 510 U.S. 1026 (1993).  A motion to correct a sentence will not create an indefinite reprieve from Rule 4(b)'s ten-day period. Consequently, Campbell's notice of appeal was untimely.

DISMISSED.